IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ANTHONY B. PRIDGEN, § | |
| Reg. No. 97729-071, § | |
| Petitioner, § | |
| § | |
| v. § | EP-16-CV-382-DCG |
| § | |
| J. S. WILLIS, Warden, § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Anthony B. Pridgen challenges the execution of his sentence through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pridgen, a prisoner at the La Tuna Federal Correctional Institution in Anthony, Texas,[1] claims Respondent J. S. Willis erroneously denied him early release eligibility, after he participated in the Residential Drug Abuse Program, "based on [an] inadequate inmate file."[2] After reviewing the record, and for the reasons discussed below, the Court finds that Pridgen is not entitled to relief.

## BACKGROUND AND PROCEDURAL HISTORY

Available court records show that on June 5, 2002, a jury in the United States District Court for the District of South Carolina found Pridgen guilty of conspiracy to possess with the intent to distribute fifty grams or more of cocaine base, five kilograms or more of cocaine, fifty kilograms

---

[1] Anthony is located in El Paso County, Texas, which is within the Western District of Texas.   28 U.S.C. § 124(d)(3) (2012).

[2] Pet'r's Pet. 4, Aug. 23. 2016, ECF No. 1.   Unless otherwise indicated, "ECF No." refers to the Electronic Case Filing number for documents docketed in this cause.   Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

or more of marijuana, and less than 100 grams of heroin.[3] Because of a prior felony drug offense conviction, Pridgen faced a statutory mandatory minimum sentence of twenty years. In addition, the probation officer who prepared the presentence investigation report calculated Pridgen's base offense level under the United States Sentencing Guidelines at 38 due to the quantity of drugs attributed to him.[4] After adding two points for possessing a firearm, the probation officer determined Pridgen's total guideline score was 40, criminal history I, resulting in a sentencing range of 292-365 months.[5] At his sentencing hearing, Pridgen objected to the two-level firearm enhancement. "After hearing the case agent's testimony, which included his recounting statements from numerous witnesses about occasions when Pridgen possessed a firearm, the district court denied Pridgen's objection."[6] The district court then sentenced Pridgen at the bottom of the guideline range to 292 months' imprisonment.

Pridgen appealed, and the United States Court of Appeals for the Fourth Circuit affirmed his conviction and sentence.[7] Pridgen's co-defendants filed timely petitions for writ of certiorari in the Supreme Court. The Supreme Court granted their writs and remanded their cases to the district court for further consideration in light of its holding in *United States v. Booker*, 543 U.S.

---

[3] Am. J., Sept. 12, 2008, ECF No. 718, *United States v. Pridgen*, 4:01-cr-00627-CWH-6 (D. S.C.).

[4] Gov't's Mem. in Supp. 2, Apr. 30, 2012, ECF No. 1027-1, *United States v. Pridgen*, 4:01-cr-00627-CWH-6 (D. S.C.).

[5] *Id.* at 3.

[6] *Id.*

[7] *United States v. Gore*, 102 F. App'x 292, 295 (4th Cir. 2004) (per curiam).

223 (2005).[8] However, Pridgen's petition was untimely and was denied.[9]

Pridgen next filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. "Rather than considering his §2255 motion, the district court instead granted Pridgen a *Booker* resentencing. The district court ordered a resentencing hearing, dismissing Pridgen's other claims without prejudice to allow him to raise them at a later time."[10] At the hearing, the district court reduced Pridgen's sentence to 240 months' imprisonment. This sentence was the mandatory minimum and not greater than the maximum permitted based on the facts found by the jury. The amended judgment specifically stated "[a]ll other provisions of sentence imposed on 10/30/02 remain as imposed."[11] "In explaining its sentence, the district court [said it] looked to the [18 U.S.C.] § 3553(a) factors in imposing the sentence."[12] Petitioner once again appealed, but the Fourth Circuit affirmed the sentence, holding that the district court had no discretion to

---

[8] *Gore v. United States*, 544 U.S. 958 (2005). *See United States v. Gore*, 195 F. App'x 145, 146 (4th Cir. 2006), *on reh'g*, 299 F. App'x 237 (4th Cir. 2008), *as amended* (Feb. 12, 2009) ("In *Booker,* the Supreme Court held that when a defendant is sentenced under a mandatory guidelines scheme, '[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.' 543 U.S. at 224, 125 S.Ct. 738. Thus, error under the Sixth Amendment occurs when the district court imposes a sentence greater than the maximum permitted based on facts found by a jury or admitted by the defendant. *Id.*").

[9] *Pridgen v. United States*, 544 U.S. 934 (2005).

[10] Gov't's Mem. in Supp. 5, Apr. 30, 2012, ECF No. 1027-1, *United States v. Pridgen*, 4:01-cr-00627-CWH-6 (D. S.C.) (citing *United States v. Pridgen*, 377 F. App'x 298, 299 (4th Cir. 2010) (per curiam)).

[11] Am. J. 2, Sept. 12, 2008, ECF No. 718, *United States v. Pridgen*, 4:01-cr-00627-CWH-6 (D. S.C.).

[12] *Pridgen*, 377 F. App'x at 299.

sentence him below the twenty-year statutory mandatory minimum.[13]

On May 10, 2016, Pridgen asked the district court to issue a revised statement of reasons for his reduced sentence without the reference to the firearm:

> In 2008 ... I was resentenced ... during which an assessed 2pt. enhancement for possession of a firearm was dismissed, and my sentence was reduced from 294 months to 240 months.
>
> Currently, I am being precluded from receiving early release pursuant to 18 U.S.C. § 3621(e)(2)(B). I am enrolled in the Residential Drug Abuse Program (RDAP), and there is no update of the Court's "revised" statement of reasons in my inmate file.
>
> My humble request is for a statement of reasons reflecting the changes made by this honorable Court during resentencing, and/or any information relevant to dismissed gun enhancement.[14]

Attached to Pridgen's letter was a Bureau of Prisons form BP-A0942, Request for § 3621(e) Review. The form indicated that Pridgen was ineligible for early release because his current conviction "involved the ... possession ... of a firearm ..."[15] To date, the district court has not responded to Pridgen's letter.

In his response to Pridgen's administrative appeal,[16] Willis notes Bureau of Prisons "Program Statement 5331.02, Early Release Procedures Under 18 U.S.C. § 3621(e), provides that inmates are ineligible for early release consideration if they have a current felony conviction for

---

[13] *Id.*

[14] Letter, May 15, 2016, ECF No. 1216, *United States v. Pridgen*, 4:01-cr-00627-CWH-6 (D. S.C.).

[15] *Id.*

[16] Pet'r's Pet., Ex. 2, p. 2-3, Aug. 23, 2016, ECF No. 1-1.

'an offense that involved ... possession ... of a firearm ...'"[17] He further notes Petitioner's presentence investigation report recommended a two-level sentencing enhancement because he possessed a firearm.[18] Willis concludes Pridgen's prior conduct "will preclude early release."[19]

In his petition, Pridgen suggests the presentence investigation report should have been amended at the time of his resentencing to delete the reference to the firearm.[20] He argues his file is incomplete, as "[t]he amended [judgment of conviction] does not accurately reflect the court's removal of [the] gun enhancement."[21] He asks the Court to grant him "early release eligibility."[22]

## APPLICABLE LAW

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241.[23] However, "[h]abeas corpus relief is extraordinary and 'is reserved for transgressions of constitutional rights and for a narrow range of injuries that ... if condoned, result in a complete miscarriage of justice.'"[24] To

---

[17] *Id.* at 2 (quoting Program Statement 5331.02, p. 4).

[18] *Id.*

[19] *Id.*

[20] Pet'r's Pet. 4.

[21] *Id.* at 2.

[22] *Id.*, Ex. 1, p. 1.

[23] *Reyes-Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001); *Tolliver*, 211 F.3d at 877; *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

[24] *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)).

prevail, a habeas corpus petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."[25] Furthermore, a § 2241 petition is subject to summary dismissal if it appears from the face of the pleading that the petitioner is not entitled to relief.[26]

## ANALYSIS

Pridgen asserts Willis should have granted him early release eligibility after he participated in the Residential Drug Abuse Treatment Program. He suggests the presentence investigation report should have been amended at the time of his resentencing to delete the reference to a firearm.[27] He argues his file is incomplete, as "[t]he amended [judgment of conviction] does not accurately reflect the court's removal of [the] gun enhancement ..."[28]

The record does not support Pridgen's assertion. It shows that before Pridgen's original sentencing, the probation officer recommend a two-level upward adjustment to his base offense level for possessing a firearm.[29] Pridgen objected to the enhancement, but "[a]fter hearing the case agent's testimony, which included his recounting statements from numerous witnesses about occasions when Pridgen possessed a firearm, the district court denied Pridgen's objection."[30]

---

[25] 28 U.S.C. § 2241(c) (2012).

[26] *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal under section 2241 without ordering an answer from respondent); *see also* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (providing for summary dismissal of habeas petition).

[27] Pet'r's Pet., p. 4.

[28] *Id.*, p. 2.

[29] Gov't's Mem. in Supp. 3, Apr. 30, 2012, ECF No. 1027-1, *United States v. Pridgen*, 4:01-cr-00627-CWH-6 (D. S.C.).

[30] *Id.*

The record also shows the district court subsequently reduced Pridgen's sentence to 240 months' imprisonment. This sentence was the mandatory minimum and was not greater than the maximum permitted based on the facts found by the jury. The amended judgment specifically states "[a]ll other provisions of sentence imposed on 10/30/02 remain as imposed."[31] "In explaining its sentence, the district court [said it] looked to the [18 U.S.C.] § 3553(a) factors in imposing the sentence."[32] To date, the district court has not responded to Pridgen's May 10, 2016, letter asking it to issue a revised statement of reasons for his reduced sentence which would delete any reference to the firearm.

The record contains no indication that the district court removed the firearm enhancement when it resentenced him.

Moreover, the threshold question in analyzing an alleged procedural due process violation is whether the complained-of action—in this case the denial of early release eligibility—implicates or infringes upon a protected liberty interest.[33] In the prison context, a protected liberty interest may emanate from either the Due Process Clause or a statute.[34]

The Due Process Clause confers a protected liberty interest in punishment that is not "'qualitatively different' from the punishment characteristically suffered by a person convicted of

---

[31] Am. J. 2, Sept. 12, 2008, ECF No. 718, *United States v. Pridgen*, 4:01-cr-00627-CWH-6 (D. S.C.).

[32] *Pridgen*, 377 F. App'x at 299.

[33] *Meachum v. Fano*, 427 U.S. 215, 223–224 (1976).

[34] *Kentucky Dep't of Corrections v. Thompson*, 109 S. Ct. 1904, 1908 (1989) (citation omitted).

crime."[35]   So long as the action of a prison official is "'within the normal limits or range of custody which the conviction has authorized the State to impose,'" there is no violation of a protected liberty interest conferred by the Due Process Clause.[36]

The determination that Pridgen is not eligible for early release means only that he will serve the remainder of his sentence under typical circumstances.   Pridgen has not suffered a punishment "'qualitatively different' from the punishment characteristically suffered by a person convicted of [a] crime."[37]

A statute may also confer protected liberty interests, "[b]ut these interests will be generally limited to freedom from restraint which ... nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."[38]   "The hallmark of a statute that has *not* created a protected liberty interest is *discretion*."[39]   Where a statute grants prison administrators discretion, it confers no rights on an inmate.[40]   Thus, a "protected liberty interest exists only when a statute uses 'mandatory language to place a substantive limit on official discretion.'"[41]   A prisoner's unilateral expectation of certain treatment is insufficient; a prisoner

---

[35] *Sandin v. Conner*, 515 U.S. 472, 479 n. 4 (1995).

[36] *Id.* at 484 (quoting *Meachum*, 427 U.S. at 225).

[37] *Richardson v. Joslin*, 501 F.3d 415, 419 (5th Cir.2007).

[38] *Sandin*, 515 U.S. at 484.

[39] *Richardson*, 501 F.3d at 419.

[40] *Meachum*, 427 U.S. at 226–28.

[41] *Rublee v. Fleming*, 160 F.3d 213, 217 (5th Cir. 1998) (quoting *Wottlin v. Fleming*, 136 F.3d 1032, 1035 (5th Cir. 1998) (quoting *United States v. Tubwell*, 37 F.3d 175, 179 (5th Cir.1994))).

must "have a legitimate claim of entitlement to it."[42]

"After a district court sentences a federal offender, the Attorney General, through the Bureau of Prisons, has the responsibility for administering the sentence."[43]  According to 18 U.S.C. § 3621, "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program *may* be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve."[44] "When an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment."[45]  Because Congress granted the Bureau of Prisons broad discretion by statute, Pridgen does not have a protected statutory liberty interest in his early release from prison upon completion of the treatment program.[46]

Pridgen has not met his burden of showing that he is "in custody in violation of the Constitution or laws or treaties of the United States."[47]  He is not entitled to § 2241 relief.

---

[42] *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995).

[43] *See United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed")); 28 C.F.R. § 0.96 ("The Director of the Bureau of Prisons is authorized to exercise or perform any of the authority, functions, or duties conferred or imposed upon the Attorney General by any law relating to the commitment, control, or treatment of persons (including insane prisoners and juvenile delinquents) charged with or convicted of offenses against the United States ...").

[44] 18 U.S.C. § 3621(e)(2)(B) (2012) (emphasis added).

[45] *Lopez v. Davis*, 531 U.S. 230, 241 (2001).

[46] *Id.*

[47] 28 U.S.C. § 2241(c) (2012).

## CONCLUSION AND ORDERS

The Court concludes that it appears from the face of Pridgen's petition that he is not entitled to § 2241 relief. Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Pridgen's *pro se* petition under 28 U.S.C. § 2241 for a writ of habeas corpus is **DENIED** and his cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED** as **MOOT**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SO ORDERED.**

**SIGNED** this 19th day of September, 2016.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE